# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**NETJETS AVIATION, INC.,**

      **Plaintiff,**

vs.
                                                    **Case No.: 2:17-MC-038**
                                                  **JUDGE GEORGE C. SMITH**
                                                  **Magistrate Judge Jolson**

**NETJETS ASSOCITION OF SHARED**
**AIRCRAFT PILOTS,**

      **Defendants.**

## ORDER

On August 15, 2017, the United States Magistrate Judge issued an Opinion and Order granting the Motion of NetJets Aviation, Inc. to compel compliance with a subpoena. (Doc. 6). The parties were advised of their right to object to the Order. This matter is now before the Court on Defendant's Objections to the Order. (*See* Doc. 7). *See* 28 U.S.C. § 636(b)(1). Plaintiff has filed a Response. (Doc. 8).

Upon timely objection, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).[1] The "clearly erroneous" standard applies to the magistrate judge's factual findings while legal conclusions are reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994). "[A] finding is 'clearly erroneous' when although there is evidence to

---

[1] Defendant argues that the standard of review should be *de novo*, however, that standard is reserved for dispositive decisions. This miscellaneous matter involves a discovery dispute and although this matter will be closed following this Order that does not equate to a dispositive matter as the underlying litigation is still pending in the Southern District of Florida.

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Eversole v. Butler County Sheriff's Office*, 2001 U.S. Dist. LEXIS 26894, at *2 (S.D. Ohio August 7, 2001) (sustaining objections to magistrate judge's order rejecting claim of attorney-client privilege and work-product) (citation omitted). The District Court Judge's review under the "contrary to law" standard is "plenary," and it "'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Gandee,* 785 F.Supp. at 686 (citations omitted). It is with these standards in mind that the Court reviews the Magistrate Judge's Order.

The background of this miscellaneous matter is set forth in detail in the Magistrate Judge's August 15, 2017 Opinion and Order. (*See* Doc. 6). Plaintiff NetJets Aviation, Inc. served a subpoena on Defendant NetJets Association of Shared Aircraft Pilots ("NJASAP") to produce certain documents related to litigation of *Ameer Siddiqui v. NetJets Aviation, Inc.*, Case No. 1:16-cv-23924, currently pending in the United States District Court for the Southern District of Florida. NJASAP is not a party to the *Siddiqui* litigation. Ultimately NJASAP has not produced the documents pursuant to the subpoena and Plaintiff initiated this action and filed a Motion to Compel Compliance with the Subpoena. (Doc. 1).

Defendant continues to maintain the same position in response to the original motion to compel and brings general arguments as to why the Opinion and Order is incorrect. The Court will address those specific objections to the Magistrate Judge's reasoning. Defendant challenges the production of the message board posts arguing that they are irrelevant to and disproportionate to the *Siddiqui* litigation. (Doc. 7, Def.'s Objs. at 6). Defendant asserts that the Magistrate Judge did not make the determination of relevancy. Like the Magistrate Judge, the Court has

conducted an *in camera* review of the documents at issue in this case. The Magistrate Judge concluded, and the Court agrees, that the documents at issue are relevant and proportional to the needs of this case. (Doc. 6, Opinion and Order at 5).

Defendant further argues that the Railway Labor Act, Union-Union Member Privilege and the First Amendment associational privilege all protect against disclosure of the message board posts. Generally, Defendant argues that producing any information from its members would have a chilling effect on the associational rights and activities of its members. The Court has carefully reviewed Defendant's objections on these issues, but Defendant has failed to establish how the Magistrate Judge's decision was contrary to law. The Court finds the Magistrate Judge's decision addressed in detail all of the parties' arguments on the Motion to Compel and the Court finds it to be very well-reasoned.

For the reasons stated above, Defendants' Objections to the Magistrate Judge's Opinion and Order are hereby **OVERRULED.** The Opinion and Order is **ADOPTED** and **AFFIRMED.**

The Clerk shall remove Document 7 from the Court's pending motions list and close this case.

    **IT IS SO ORDERED**.

    */s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**